[S. F. No. 896.   In Bank.—September 3, 1897.]

GEORGE F. CHURCH, PETITIONER, *v.* E. P. COLGAN,
CONTROLLER, ETC., RESPONDENT.

SUPERIOR JUDGES—ACT REDUCING NUMBER IN FRESNO COUNTY—STATUTORY
CONSTRUCTION — "TERMS" — VACANCY — APPOINTMENT — SALARY OF
ELECTED JUDGE—MANDAMUS.—Under the Act of March 26, 1895,
reducing the number of superior judges in the county of Fresno, and
providing that it should take effect at the expiration of the "term" of
the judge of said court whose "term" should first expire, and in case
of "vacancy" in any "term" prior to the first Monday after January 1,
1897, it should take effect immediately, the "terms" therein referred
to are the constitutional terms; and where a vacancy in a term had oc-
curred by death of the incumbent, and another person had been ap-
pointed by the governor to hold until the election and qualification of
a judge to fill the vacancy, the incumbency of the appointee is not a
"term" within the meaning of the act, upon the expiration of which
the office should cease to exist, and a judge elected and qualified for the
unexpired term is entitled to the office for the remainder of the con-
stitutional term, and may maintain mandamus to compel the payment
of the residue of the salary for such term.

ID.—CONSTRUCTION OF CONSTITUTION—POWER OF GOVERNOR TO APPOINT—
"VACANCY."—In the sense of the constitution, which authorizes the
governor, when a "vacancy" occurs in the office of judge of a supe-
rior court, to appoint a person to hold the office until the election and
qualification of a judge to fill the "vacancy," there is a vacancy in the
term until such election and qualification, although in the meantime a
person had been appointed by the governor to hold the office until the
vacancy could be filled.

ID.—"CONSTITUTIONAL" AND "LEGISLATIVE" JUDGE.—There is no such
officer as a constitutional judge as contradistinguished from a legislative
judge.  Both are provided for in the constitution, and in that sense are
constitutional officers.

ID.—DISTINCTION IN TERM OF APPOINTED AND ELECTED JUDGE.—An ap-
pointed judge holds until a successor is elected and qualified, but the
judges elected hold for a fixed term only.

MANDAMUS from the Supreme Court to the Controller
of State.

The facts are stated in the opinion of the court.

*W. H. Payson*, for Petitioner.

*W. F. Fitzgerald, Attorney General*, for Respondent.

TEMPLE, J.—This is an application for a writ of man-
date against the controller to compel him to issue war-

rants for salary alleged to be due petitioner as superior judge of Fresno county, for the month of December and part of the month of November, 1896.

The petition shows that S. A. Holmes had been elected superior judge of Fresno county to succeed the constitutional judge, and died during his said term, in the month of December, 1894, and thereupon one S. L. Carter was commissioned by the governor to fill said office until the election and qualification of his successor. That at the general election held on the third day of November, 1896, petitioner was duly elected superior judge of Fresno county for the unexpired term of S. A. Holmes, said term ending January 4, 1897. Petitioner duly qualified November 23, 1896.

A demand in due form is averred for a warrant for that part of his salary due from the state which accrued from the twenty-third day of November, 1896, to the fourth day of January, 1897, when said term would end.

On the twenty-sixth day of March, 1895, which was after the death of Judge Holmes, and after Judge Carter had been appointed and had duly qualified, the legislature passed an act as follows: "The number of judges of the superior court of the county of Fresno is hereby reduced from three to two. This act shall take effect at the expiration of the term of the judge of said court whose term first expires, and in case a vacancy occurs in any term prior to the first Monday after the first day of January, eighteen hundred and ninety-seven, this act shall take effect immediately." The attorney general contends that the first term to expire was the special term of Judge Carter, which was ended by the election and qualification of petitioner. But the act clearly indicates that the term upon the expiration of which the act might take effect was that which would end on the first Monday after the first day of January, 1897. The terms meant are the constitutional terms.

In the sense of the constitution a vacancy existed when the act was passed, for when a vacancy occurs— as it did upon the death of Judge Holmes—the gov-

ernor is authorized to appoint a person to hold the office until the election and qualification of a person to fill the vacancy. There is a vacancy in the term until such election and qualification, although in the meantime a person has been appointed to perform the duties of the office until the vacancy can be filled.

It cannot be said that a vacancy occurs upon and because of the election of a person to fill the vacancy. Besides, if that had been the vacancy which would cause the act to take effect, the end of the term in the following January would not have been referred to as the time when the act should take effect, unless a vacancy should in the meantime occur. The election of a person, at the general election in 1896, to fill the vacancy occasioned by the death of Judge Holmes, was an event certain to occur when the act was passed, and could not have been referred to as an event which might or might not occur.

And, if the election and qualification of petitioner ended the office, then this fatuous condition existed: An office was created and an election provided to fill it, with the proviso that if anyone should be elected and should qualify that would at once terminate the office. If any other construction be possible we cannot attribute such folly to the legislature. I think petitioner is entitled to his writ.

The question most argued on both sides cannot be raised on this petition. There is no such officer as a constitutional judge, as contradistinguished from a legislative judge. Both are provided for by the constitution, and in that sense are constitutional officers. But if there were such a distinction, there is no averment that petitioner was elected to fill the succeeding term— supposing that has not been abolished. By virtue of the election averred, petitioner could hold only for the remainder of the unexpired term. For aught that appears here, petitioner may have been a candidate both for the remainder of the unexpired term and for the succeeding term, and may have been elected for one

and defeated for the other. At all events, by virtue of the election averred, he is not entitled to the succeeding term, and he is not here claiming anything under that term.

The only bearing of the case of the *People* v. *Burbank*, 12 Cal. 378, is that it accounts for the careful language of the present constitution, which limits the period for which one elected to fill a vacancy shall hold office. The judge appointed holds until a successor is elected and qualified. In noticeable contrast, the judges elected hold for a fixed term only.

Let the writ issue as prayed for.

McFARLAND, J., HENSHAW, J., HARRISON, J., and GAROUTTE, J., concurred.